I concur in the dismissal of the appeal insofar as it pertains to damages. However, I dissent from the decision to affirm the summary judgment in favor of the defendant as to the plaintiff's tort of outrage claim. The Court focuses on the plaintiff's fear of contracting a disease from her exposure to the patient's blood and surgical refuse. In doing so, it ignores other evidence of her emotional distress, such as the following description:
 "At the time Dr. Vanderzyl threw the bloody surgical drape on me, I felt like I had been physically slapped. Then, he immediately humiliated me in front of my peers by yelling at me that he didn't `give a damn'. I was on the verge of tears and rushed from the operating room to wash the blood which was soaked all over me off of me. After I got out of the operating room, I broke down and cried. Even though I didn't throw up, I became physically sick to my stomach for a while at the thought of having somebody's blood and grindings from somebody's knee on my face and in my eyes, all over the front of my body. That feeling of nausea would come over me again many times after Dr. Vanderzyl's attack but it has lessened in frequency as time goes by. I don't think I'll ever get over that memory. I feel embarrassment at Dr. Vanderzyl's treatment of me and I cannot except [sic] his ridicule of me, I have had spells of crying and uncontrollable rage due to Dr. Vanderzyl's attack."
(Clerk's Record, at 306-07.) Also, it ignores the fact that the plaintiff could reasonably be expected to suffer severe emotional distress when she was told by the infectious disease supervisor at the hospital to consider herself HIV positive and to adapt her lifestyle accordingly. In my opinion, the tort of outrage claim should be submitted to a jury.
Lyons and Brown, JJ., concur.